IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRENDA CASTLEMAN                                                                            PLAINTIFF

vs.                                             Civil No. 4:08-cv-04063

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Brenda Castleman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed her application for DIB on March 16, 2006.  (Tr. 47-50).  Plaintiff alleged she was disabled due to a stroke, back problems, and neck problems.  (Tr. 56).  Plaintiff alleged an onset date of April 30, 2005.  (Tr. 50, 69).  These applications were initially denied on May 16, 2006 and were denied again on reconsideration on October 3, 2006.  (Tr. 33-37).  On November 15, 2006, Plaintiff requested an administrative hearing on her application.  (Tr. 29-30).  This hearing was held

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

on August 17, 2007 in Texarkana, Arkansas. (Tr. 271-289). Plaintiff was present but was not represented by counsel at this hearing. *See id.* Plaintiff, her husband John Castleman, and Vocational Expert ("VE") Dr. Vance Sales testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2009), had completed the tenth grade and obtained a GED. (Tr. 276).

On January 23, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 13-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 31, 2007.[2] (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2005, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: a history of parietal infarct with right arm weakness with some weakness and numbness in both extremities, hypertension, hypercholesterolemia, depressive symptoms, and degenerative joint disease with neck and back pain. (Tr. 15, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-21). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that

---

[2]The Appeals Council found this date incorrect and determined the date to be December 31, 2005. (Tr. 5).

Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift-carry and/or push-pull up to 20 pounds occasionally and 10 pounds frequently, with the ability to stand and/or walk up to 6 hours in an 8 hour workday and the ability to sit without significant limitation, or as needed in the performance of job duties. In consideration of all established medically determinable impairments it is concluded that the claimant would be able to perform work where interpersonal contact is routine but superficial; the complexity of tasks is learned by experience and my involve several variables; the claimant would be able to use individual judgment within limits and she would require little supervision for routine tasks but more detailed supervision for non-routine tasks. Thus, it is concluded that the claimant could perform light, semi-skilled work.

(Tr. 16, Finding 5).

The ALJ then evaluated Plaintiff's Past relevant work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 21, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 276-282, 287-289). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a retail convenience store clerk-cashier (light, semi-skilled), and as an independent contractor for newspaper distribution (light, semi-skilled). (Tr. 21). The ALJ determined, considering her RFC and the testimony by the VE, that Plaintiff retained the ability to perform her PRW. (Tr. 21, Finding 6). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 30, 2005 through the date of his decision or through January 23, 2008. (Tr. 21, Finding 7).

On February 25, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On July 7, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 4-6). On July 28, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 4, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for

3

decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ performed an improper *Polaski* evaluation; (2) the ALJ erred in his finding that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (3) the ALJ improperly assessed the Plaintiff's RFC; and (4) the ALJ failed to fully and fairly develop the record.  (Doc. No. 7, Pages 3-17).  In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence.  (Doc. No. 8, Pages 3-16).  Defendant argues that the ALJ properly evaluated Plaintiff's subjective complaints, properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, properly

assessed Plaintiff's RFC, and fully and fairly developed the record *See id.* Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

6

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, briefly considered Plaintiff's daily activities, and mentioned use of over-the-counter medications. (Tr. 17-18). This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.

### 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of July, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE